# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANARD BARRON,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No. 1:26-cv-04739-EGC (SS)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS**<br><br>(Doc. 2)<br><br>FOURTEEN (14) DAY DEADLINE<br><br>Clerk to Assign District Judge |

On June 22, 2026, Plaintiff Juanard Barron, filed this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration. (Doc. 1). Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On June 24, 2026, the Court issued an order requiring Plaintiff to either pay the filing fee or file an application to proceed *in forma pauperis* within twenty-one days. (Doc. 5). Plaintiff was warned in the OSC that failure to comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of this action. (*Id.* at 2). Plaintiff has not yet filed any response, paid the filing fee, or submitted an application to proceed *in forma pauperis* and the time to do so has passed. (*See* Docket).

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to the Court's order, the undersigned finds that there is no alternative but to dismiss the action for Plaintiff's failure to obey court orders and either pay the court's filing fee or file an application *in forma pauperis*.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Plaintiff's failure to obey court orders and either pay the court's filing fee or file an application *in forma pauperis*.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court **DIRECTS** the Clerk of Court to send a copy of this Order to Plaintiff at their address as listed on the docket for this matter. The Court further **DIRECTS** the Clerk to assign a District Judge.

IT IS SO ORDERED.

Dated: **July 21, 2026**

UNITED STATES MAGISTRATE JUDGE